UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| YOKE LYE L KWONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00211 |
| | § | |
| CHRISTUS HEALTH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

In September 2022, Plaintiff Yoke Lye L. Kwong filed a complaint against Defendants CHRISTUS Health and CHRISTUS Spohn Health System Corporation ("CHRISTUS Spohn" and, collectively, "Defendants") alleging that she was subject to discriminatory termination and retaliation under 42 U.S.C. § 1981, Title VII, and the Texas Labor Code. Defendants have now filed a motion to partially dismiss Kwong's first amended complaint under Federal Rule of Civil Procedure 12(b)(6), contending that Kwong has failed to state a claim of retaliation. (D.E. 13). For the reasons discussed further below, it is recommended that Defendants' motion to partially dismiss (D.E. 13) be **DENIED**.

### I.   ALLEGATIONS

In her complaint, Kwong alleges the following. She is a Chinese Asian female who was born in Malaysia. (D.E. 9 at 3). She was employed by Defendants as the Director of Clinical Pastoral Education beginning in September 2019. (*Id.* at 4). However, when her

predecessor retired in January 2020 and she took over the role, Defendants' attitude regarding her national origin, race, religion, and gender changed. (*Id.* at 6). She suffered harassment and discrimination, which included, among many other examples: (1) a lack of secretarial support; (2) being blamed for policy decisions that were outside her control; (3) having her grammar, accent, and other speech characteristics corrected for no reason; (4) an expectation that she favor Catholic applicants to the program; and (5) not being notified before her office was required to move to a new facility. (*Id.* at 6-24).

On November 9, 2021, the Defendants' Regional Director of Spiritual Care, Nancy Cook, and Emily Lopez of Defendants' Human Resources Department informed Kwong that her employment was being terminated, effective immediately. (*Id.* at 24). Cook accompanied Kwong back to her office so that Kwong could collect her personal briefcase, but she was not allowed to take any other personal items. (*Id.* at 25). Her work laptop was at home, and she told Cook that she would return the laptop on November 12 and pick up her remaining personal items on the same day. (*Id.*). However, when Kwong returned on November 12, she was told that Cook was on leave and was not able to collect her other belongings. (*Id.* at 26). Kwong tried to call Cook twice and left her a voicemail on her office phone, but she was never contacted by Cook. Kwong then left for the holidays, and when she returned on January 6, 2022,[1] she received a letter from Cook dated December 7, 2021, that stated that she left Kwong a message regarding her belongings several weeks earlier. This was untrue as Kwong never received any message from her. (*Id.*). The

---

[1] The complaint says January 6, 2021, but this appears to be a typo.

December 7 letter also stated that if Kwong did not secure her belongings within 10 days, they would be discarded. (*Id.* at 26-27).

On February 24, 2022, Kwong filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 28). This initial charge is still pending investigation and is not part of this lawsuit. On March 16, 2022, she received an email from Cook informing her that her belongings had been packaged and shipped to her through FedEx. (*Id.*). When the boxes arrived, Kwong opened them with the help of a neighbor, but they were shocked at the condition of the items inside. (*Id.* at 29). The items were covered in soil because potted plants were placed in the boxes without protection. None of the items had been packed or secured and, as a result, were damaged, including irreplaceable framed certificates and pictures. A tailor-made suit jacket was shoved in a plant vase and damaged beyond repair. (*Id.*). Based on the way the boxes were packed and the damage to her items, it was clear to Kwong that the intent was to damage them in retaliation for her EEOC charge. (*Id.* at 29-34). A picture drawn by her granddaughter and a rice cooker were completely missing. (*Id.* at 34).

On April 14, 2022, Kwong filed a charge of retaliation with the EEOC regarding the damage that was done to her belongings. (*Id.* at 35). She received a Notice of Right to Sue on July 12, 2022. Her First Amended Complaint includes only claims addressed by this second EEOC charge and claims that do not require a Notice of Right to Sue. (*Id.*).

Kwong raises three specific claims. First, she alleges discrimination and retaliation in violation of 42 U.S.C. § 1981. (*Id.* at 36-37). She alleges that she was retaliated against

3

because she made good faith reports and opposed unlawful racial discrimination, and that the retaliation was the but-for cause of her injuries. (*Id.*). Second, she alleges retaliation in violation of Title VII, 42 U.S.C. § 2000e. (*Id.* at 37-39). She alleges that she was retaliated against for opposing and reporting unlawful discrimination to her employer and filing an EEOC charge. (*Id.* at 38). Finally, for the same reasons, Kwong alleges retaliation under Chapter 21 of the Texas Labor Code. (*Id.* at 39-40).

## II.   DISCUSSION

### a.   Rule 12(b)(6) Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, the court must not go outside the pleadings and must accept all well-pleaded facts as true, looking at them in the light most favorable to the plaintiff. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).

A pleading must include a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of what the claim is. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, but the plaintiff must nonetheless provide more than merely labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint are assumed to be true, even if unlikely, but the allegations must "raise a right to relief above the speculative level" and "state a

claim to relief that is plausible on its face." *Id.* at 555, 570.  A claim has facial plausibility where the factual allegations allow the court to reasonably infer that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Facts that are merely consistent with a defendant's liability are insufficient.  *Id.*

If matters outside the pleadings are presented on a motion under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d). However, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," without converting the motion to one for summary judgment.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

      b.    *Whether Christus Health was properly named as a defendant*

In the motion to dismiss, Defendants devote several pages to arguing that CHRISTUS Health was not properly named as a Defendant and should be dismissed.  (D.E. 13 at 7-10).  Kwong also spent several pages responding to this argument.  (D.E. 14 at 6-10).  However, in their reply, Defendants state that this argument was made: (1) "to put Kwong and the Court on notice that CHRISTUS Health is improperly named as a Defendant" and (2) because Kwong "doubled down on the allegation in her Amended Complaint."  (D.E. 16 at 2).  Defendants state that they "do not expect this defense to be resolved at this stage."  (D.E. 16 at 2).  Accordingly, because Defendants have stated that this argument is for notice purposes only and that they do not seek a ruling on it, the undersigned does not address it.

5

>   c.  *Whether Kwong has adequately alleged a retaliation claim against Defendants*

Defendants argue that Kwong has not adequately alleged a retaliation claim because shipping her belongings back to her does not qualify as a materially adverse employment action. (D.E. 13 at 11). Defendants assert that, even if some of Kwong's property was damaged during the shipping process, this was not equivalent to an action affecting her job title, grade, hours, salary, or benefits, nor did it cause a diminution in her prestige or a change in her standing among co-workers. Instead, Defendants contend that the shipping of Kwong's belongings, and any associated damage, is a petty slight or minor annoyance that does not reach the level of actionable retaliatory conduct. (*Id.*). Further, Defendants argue that, even if this action could qualify as an adverse employment action, Kwong has not adequately alleged that it was done in response to her filing her first charge of discrimination. (*Id.* at 12). Defendants contend that the complaint and attachments show that Kwong abandoned her belongings at her former place of employment for months and would not respond to attempts to contact her about retrieving them, which is why they were ultimately shipped back to her. (*Id.*). Defendants attached a copy of Kwong's second EEOC charge, which is consistent with the allegations in her complaint. (D.E. 13-1).

Kwong responds that Defendants' motion to dismiss mischaracterizes her allegations and inappropriately presents matters outside the pleadings. (D.E. 14 at 4-6). She also argues that her claim is not based on the Defendants shipping her belongings back to her, but rather on Cook: (1) refusing to meet with her to return her belongings on November 12, 2021, as agreed; (2) writing a letter on December 7, 2021, stating that

6

Kwong's belongings would be destroyed within 10 days if she failed to pick them up; and (3) delivering Kwong's items to her through FedEx with the intent of retaliating against her by damaging them. (*Id.* at 2). Kwong contends that destroying her belongings through intentionally reckless shipping qualifies as an adverse employment action. (*Id.* at 10). She argues that actionable retaliation can include actions that are not work-related and that occur after the termination of employment, citing multiple cases. (*Id.* at 10-13). Further, she contends that she need only show that the adverse action and her protected activity were not wholly unrelated in order to adequately allege causation. (*Id.* at 13).

Defendants reply that, even assuming that Kwong's complaint alleges that her retaliation claim is based on Cook's failure to meet with her and on the December 2021 letter, those allegations also fail to state an actionable claim of retaliation. (D.E. 16 at 3). As to Cook refusing to meet with her, Defendants argue that Kwong's complaint alleges that Cook was on leave at the time, making it impossible for them to meet. (*Id.* at 3-4). They argue that Kwong also attached an email to her complaint that shows that Cook tried to contact her and return her belongings. (*Id.* at 4). As to Cook's email regarding the imminent destruction of Kwong's belongings if she did not come pick them up, Defendants argue that there is no requirement in Title VII that they indefinitely store a terminated employee's belongings, and that the items ultimately were not destroyed anyway. (*Id.* at 4-5). As to Kwong's argument that post-termination retaliation can form an actionable claim, Defendants do not contest this fact, but rather contend that Kwong's specific

7

allegations are insufficient to state a claim. (*Id.* at 5). Defendants disagree that they have mischaracterized Kwong's allegations. (*Id.* at 6-8).

To adequately plead a retaliation claim under § 1981, Title VII, and the Texas Labor Code, a plaintiff must allege: (1) that she engaged in activity protected by the statute; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse employment action. *See Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (Texas Labor Code and Title VII retaliation); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (Section 1981 and Title VII retaliation).

In order for an employment action to be materially adverse, the plaintiff must show that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal citation and quotation marks omitted). The statutes do not protect against all "petty slights or minor annoyances that often take place at work and that all employees experience." Instead, the protection is offered against employer actions that are "likely to deter victims of discrimination from complaining" of it. *Id.* This is not limited to workplace-related or employment-related acts. *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015).

A causal link is established where the employer's materially adverse action was "based in part on knowledge of the employee's protected activity." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001). This element is satisfied where the

8

employment decision and the protected activity were not wholly unrelated. *Id.* (favorably citing *Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir.1985)).

Here, Kwong has adequately alleged a retaliation claim under the statutes. As an initial matter, Defendants do not contest that she engaged in activity protected by the statute by filing her first EEOC charge. Thus, the only issues are whether Kwong adequately alleged: (1) an adverse employment action, and (2) a causal connection between that action and her protected activity.

First, as to whether Kwong adequately alleged an adverse employment action, the acts alleged in the complaint could dissuade a reasonable worker from making or supporting a charge of discrimination. *Burlington*, 548 U.S. at 68. Taking all well-pleaded facts as true, Kwong has alleged that she and Cook agreed that she would be able to take her remaining belongings on November 12, 2021, when she returned her work laptop. (D.E. 9 at 25). However, Cook was unavailable on that day and Kwong was unable to get her belongings. (*Id.* at 26). Kwong tried to contact Cook multiple times to schedule a time to pick up her belongings, but never received any response before leaving for the holidays. After returning, she received a letter from Cook saying that Cook had called her regarding the items, but that was untrue. (*Id.*). Kwong subsequently filed an EEOC charge of discrimination, and within a month of doing so, Cook shipped her belongings back to her without providing any protection to the items, many of which were damaged or destroyed. (*Id.* at 29). Based on the way the items were packed, it was clear that the intention was to

damage them during the shipping process in retaliation for her filing the EEOC charge. (*Id.* at 29-34).

The risk or threat of an employer intentionally destroying an employee's personal belongings in response to the filing of an EEOC charge could dissuade a reasonable worker from making or supporting a charge of discrimination. Such an action cannot be said to be a "petty slight or minor annoyance[] … that all employees experience." *Burlington*, 548 U.S. at 68. To intentionally damage or destroy someone's belongings goes beyond mere rudeness or a lack of good manners in personal interactions. Particularly where those belongings carry personal importance to the employee and are irreplaceable, as Kwong has alleged, the possibility of such an action could dissuade that person from making a complaint of discrimination. Further, as alleged, Kwong made several attempts to pick up her belongings or schedule a time to do so, but she was not allowed to collect her belongings either on the day she was terminated or when she returned with her laptop, and never received any response when she attempted to contact Cook again. (D.E. 9 at 24-27). Thus, based on the allegations, the months-long delay in retrieving her belongings that Defendants reference was primarily the Defendants' fault. Accordingly, Kwong has alleged a materially adverse employment action.

Defendants have identified factual disputes regarding Kwong's allegations, including whether and how often Cook reached out to Kwong regarding collecting her belongings, and why Kwong's belongings were shipped back to her when and how they were. However, at the Rule 12(b)(6) stage, the Court must look at all well-pleaded facts in

10

a light most favorable to Kwong and accept them as true. *Scanlan*, 343 F.3d at 536. To address some of Defendants' specific arguments, although Kwong included pictures of Cook's letters in her EEOC charge and in her complaint, her allegations do not endorse the contents of those letters. (*See, e.g.,* D.E. 9 at 26, 28). The letters remain Cook's side of the story, and Kwong has specifically refuted the contents of them in her complaint. (*Id.* at 26). Similarly, Kwong's complaint alleges that she *was told* that Cook was on leave when she arrived to return her laptop and collect her belongings. (*Id.*). She does not endorse this statement or allege it as true. As to Kwong's apparent delay in picking up her belongings, she alleges that she contacted Cook multiple times and received no response, contradicting Defendants' current argument that it was Cook who contacted Kwong multiple times and received no response. (*Id.*). These disputes must be resolved in Kwong's favor at this stage.

Finally, as to causation, Kwong has adequately alleged that the Defendants' materially adverse employment action was caused by her filing a charge of discrimination. In the complaint, Kwong alleges that within a month of her filing her EEOC charge of discrimination, Cook packed and shipped her belongings back to her without protection and in a way clearly intended to result in damage to the items. (D.E. 9 at 28-34). Again, Defendants dispute this claim and contend that Kwong's belongings were mailed solely because she never came to pick them up. But, again, this is a dispute that must be resolved in favor of Kwong's allegations at the Rule 12(b)(6) stage. Moreover, this argument does not address Kwong's allegations that the items were packed in a haphazard manner and

11

completely unprotected during shipping in an attempt to damage them. Accordingly, Kwong has adequately alleged that Defendants' materially adverse employment action was caused by her filing a charge of discrimination.

### III. RECOMMENDATION

Accordingly, it is recommended that Defendants' motion to partially dismiss (D.E. 13) be **DENIED**.

Respectfully submitted on April 25, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).